OPINION OF THE COURT
 

 Memorandum.
 

 The determination appealed from and the order of the Appellate División brought up for review should be affirmed, with costs.
 

 On this appeal, petitioner utility asserts that it has a First Amendment right to have its ratepayers bear the expense of
 
 *825
 
 certain informational advertising which the Public Service Commission has found to be unnecessary to the furnishing of utility services. We disagree.
 

 There is no doubt that petitioner’s expressional activity is entitled to First Amendment protection (see, e.g.,
 
 Central Hudson Gas & Elec. Corp. v Public Serv. Comm. of N. Y.,
 
 447 US 557). But the Public Service Commission in this case has imposed no restraint, direct or indirect, upon petitioner’s advertising or communications. Instead, the commission has merely refused to include a portion of petitioner’s informational advertising as an allowable expense, and determined that such costs should be paid by the utility shareholders. Thus, the PSC has ruled that the ratepayers should bear part, but not all, of the informational advertising costs. Petitioner claims, in essence, that it has a constitutional right to have the ratepayers defer the entire cost.
 

 It is an accepted principle that, although the Constitution may provide a citizen the right to engage in a certain activity free of governmental restrictions, it places no general corresponding duty upon government to ensure the availability of all resources necessary to realize that freedom (see, e.g.,
 
 Harris v McRae,
 
 448 US 297, —— 48 USLW 4941, 4946-4947;
 
 Norwood v Harrison,
 
 413 US 455, 462). Thus, the Public Service Commission is not obliged to allow the utility to charge ratepayers for all communications which the utility may choose to make. On this view of the case, it is unnecessary to address the contention, made by the commission, that inclusion of the entire cost of informational advertising as an allowable expense would violate the First Amendment rights of ratepayers (cf.
 
 Abood v Detroit Bd. of Educ.,
 
 431 US 209).
 

 In response to petitioner’s remaining arguments, it is sufficient to note that a prime function of the commission, as a regulatory body, is to separate those costs which should be borne by ratepayers from those which are properly chargeable to shareholders. The commission has exercised that function here, ruling that informational advertising which serves to enhance the utility’s image and is not necessary to the rendition of utility services should not be included as an allowable expense. It cannot be said that this ruling is arbitrary, capricious or unsupported by substantial evidence (e.g.,
 
 Matter of New York State Council of Retail Merchants v Public Serv. Comm. of State of N. Y.,
 
 45 NY2d 661, 671-672).
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler,
 
 *826
 
 Fuchsberg and Meyer concur; Judge Gabrielli taking no part.
 

 Determination appealed from and order of the Appellate Division brought up for review affirmed, with costs, in a memorandum.